Good morning. My name is Anne Traum. I'm appearing on behalf of Mr. Wallace, and I would like to reserve one minute for rebuttal. I'll do my best to watch the clock. My client presents a compelling case for statutory and equitable tolling under 2244. We ask for reversal and remand so that he can get the habeas review and the habeas relief that he  Mr. Wallace, who is mentally retarded and illiterate, was just 18 years old. He was homeless, jobless, and living under a bridge with his stepfather. The crime comes from the facts of the crime where he and his stepfather got into a fight with some other homeless men in the homeless encampment who they thought had stolen their blankets and possibly a bike that was unclear. And the stepfather had a gun, and the gun went off, according to both his story and my client's story, the gun went off accidentally killing the victim. Five weeks later, my client pleads guilty to second-degree murder. He faced a possible sentence of five years to life, and he got the maximum. His attorney did not even argue that the maximum was not warranted in this case when he was not the shooter and the shooting was accidental. My client wanted to appeal, but his attorney failed to perfect the notice of appeal. My client... So what's in the record indicating that your client requested the attorney to file the appeal? Is there anything? There's nothing in the record that I've seen that says he made that request to his client, which was available both to the court and to the attorney before the sentencing, that he didn't want to discuss the facts of his case because he planned to appeal. So it seemed to me that that was his intent, and the attorney had read that report, she said, I think, in her sentencing argument, although that's not in this particular record. And that statement is in the probation report at the supplemental excerpt. I think it's page 90. Okay. He wanted to file a habeas petition after this was all done, but he didn't have the file. Ten months from the date on which he should have filed his federal habeas petition, he filed a motion with the court that sentenced him and said two important things. One is that he wanted the transcripts and documents from his case, quote, so as he may pursue his post-conviction relief. And secondly, he told the court that he no longer had a relationship with his attorney, and cited the Nevada rule, which requires an attorney to return the file to the client at the end of the representation. Nothing happened. In a subsequent motion, he asked the court specifically to discharge the attorney and to return his file. The court, after several more months, finally on April 22, 1997, two days before that federal period would have lapsed entirely, ordered the attorney, relieved, and ordered the attorney to send Mr. Wallace his file. And we actually have no record of when he actually got the file, but he filed his state post-conviction petition four-and-a-half months later. There's three critical time periods in this case, and I really want to focus on the first one, but let me just outline what they are. The first period is from June 26, 1996, to April 22, 1997. That was when his motions for transcripts was pending, and it was on that April 22 that the court ordered that the file be returned to him. We maintain that he is entitled to statutory tolling during this period because the failure of the court and counsel to get that file back to him was a state-created impediment that prevented him from filing his federal habeas petition. Also, we maintain that he was entitled to equitable tolling during this period. The second period is September 11, 1997, to November 13, 1998. September 11 was the date that he filed his state post-conviction petition. November 13 is the date when it was pending and properly filed, we maintain, until November 13, 1998, when the district court sent in the order of dismissal. The next period, we maintain, is also pending. That period is from November 13, 1998, until May 25, 1999, when the Supreme Court of Nevada issued remitted order. There's a contention that this last period was not when he had a properly filed petition. The court never – the district court never addressed this issue, but we can prove that his notice of appeal was properly filed based on the rules regarding service of that order of dismissal in Nevada. So just so those are outlined. The first period is really where I want to focus the Court's attention, because that's where the district court refused to grant him statutory or equitable tolling. And the argument there is simply based on this Court's, you know, rulings in Lott and its most recent decision in Spitzen, which I alerted the Court to by a 28-J letter, and obviously Judge Clifton is well aware of that decision, that the state – his attorneys' misconduct coupled with the state court's refusal to rule on the matter on his motion, asking – requiring that by law this file should have been returned to him, entitled him to statutory and equitable tolling, because without that file he could not prepare his federal petition. And this is, of course, coupled with my client's compelling personal circumstances, that this is a person who is illiterate, retarded, in need of legal help, and then without his file that, of course, is all compounded. I would argue that this case is more compelling than Spitzen. In Spitzen, the issue there was regarding post-conviction counsel. Here the issue is regarding his Sixth Amendment counsel. This is the same counsel whose misconduct, whose failure to appeal, failure to investigate the case, failure to argue against a life sentence, the maximum at sentencing, are going to be the very subject of this post-conviction petition. And it is all the worst that while she is insulating herself from that kind of claim at my client's expense, she is also violating her legal and ethical duties to return the file to the client and also not prejudice the client after the representation is over. Secondly, and this is somewhat similar to Spitzen, in Spitzen I believe that there was finally some kind of disciplinary action initiated before the file was returned. In this case, my client goes to the state court and invokes the state court's powers to enforce state law requiring that the file be returned to the client so that he can get on with things. Because without his file, he can't do anything, he can't sort of go forward, especially anything at the Sixth Amendment counsel. And the court sat on this for about nine months. This time should not count against my client who is diligently trying to do what he needs to do to file a federal habeas petition. So I have a little bit more time left. I'd like to reserve it for rebuttal in case there's anything more, unless the court has questions. Thank you. You have about two minutes. Mr. Ward. May it please the court. Mr. Wallace is a man who was late in filing his federal petition. He was late by over two years. The Sixth Amendment does not guarantee a right to appointed counsel during federal habeas proceedings. The barriers that Mr. Wallace claims are there would not have prevented him from filing a timely federal habeas petition. Number one, the claim that he's mentally retarded, he's never been found to be mentally retarded. He was found to be competent to enter a plea. I think most of the court has is an evaluation that was done after the conviction. And at most, Mr. Wallace might be borderline. I'm not sure exactly what borderline means, but I don't think borderline means that one cannot file a federal habeas petition on time. And once again, Mr. Wallace was found to be competent to enter his plea. And there was no indication during the sentencing or his plea that he wasn't competent. He is illiterate. However, illiteracy is not a barrier to filing a timely federal habeas petition. The lack of documents is also not a barrier to filing a timely federal habeas petition. Mr. Wallace was there for all of his hearings. He could have found time, if he really wanted to, to file a timely habeas petition, but he failed to do so. The lack of a file... How was he supposed to do that without files? Well, he's in the same position as thousands of other inmates who don't have all of their files. I mean, he was there. He did know what was going on. At one point, he was able to later contact inmate law clerks and file the paperwork. The delay is entirely his own fault. How do you deal with Spitson? Pardon, Your Honor? How do you deal with the Spitson case? Looking at Spitson in this case, I would distinguish it because we're not looking at an attorney's egregious actions. I believe the attorney in Spitson was a hired attorney who the family was under the impression that this attorney was proceeding on filing a petition and failed to do so. This is not the case here. We've got Mr. Wallace, who does not have an attorney, but also he fails to act on his rights. Well, wouldn't it... Spitson came down recently. Wouldn't the prudent thing to be to send us back and have the district court re-examine the facts in light of Spitson? I think the hard and fast rule about timeliness and the statutory tolling, and then when you look at the burden, the high threshold for equitable tolling, I think those are wise rules because the potential to have all kinds of nebulous claims raised by inmates is a real one. They'd all say, you know, here's my reason why I didn't file on time, and I personally wonder at what point they would end or finish coming up with excuses. I think they would be able to be very creative and inventive in the number of excuses they come up with. But is it true here that a motion was filed with the court to discharge counsel and recover the files, which motion are set pending for several months? I mean, that's past history, so it's not something he's going to make up currently. But not having the file itself does not prevent one from filing a petition. I mean, the form itself, readily available, to file that with the court is something he was able to do at a later date, but he did it at a later date. He didn't need the file beforehand to file the petition. He would have been allowed to amend the petition to flesh it out, but he didn't need that to get the initial filing completed. But to file the petition that said I think my rights were violated and I'm not sure in what respect or by what action in the State trial court, but nonetheless I ask for relief under the Federal statute, that would have been okay? Correct, Your Honor. At least as a starting point to get something filed. Okay. If the court has no further questions. I don't see any. Thank you for your rebuttal. One reason the court didn't find him to be mentally retarded is that the court never had an evidentiary hearing. I submit that it is unrebutted in the record that we had a psych report done of Mr. Wallace, and he has an IQ of between 67 and 77. So the State has had its chance to rebut that and find something else. The court did, too, and they both chose to pass on that one. The court didn't have the benefit of Lott v. Mueller and Spitzin when it decided this case, but I don't think that it needs to reevaluate the facts. I think the facts here are so clear and so compelling that this court, in the same way that it did, I know at least in Spitzin, can find that these are grounds to justify equitable tolling. If there's going to be an evidentiary hearing down below, I think it should be sort of along the lines as the court ordered in Spitzin, which is maybe the district court should now look at whether once Wallace got the file, he acted reasonably diligently in following up on that. But I'm not sure that any other, I should say, we are asking for an evidentiary hearing because we never got one, but I actually think the evidentiary hearing could be limited to that basis if this court were to find, and I think it should, that equitable tolling is justified. I think that just a little response to the Spitzin argument, Wallace had an attorney. He had an attorney at counsel, and that counsel did very little for him. And that attorney had the same duties to Wallace as paid counsel had to Mr. Spitzin in his case, nothing less. And she violated the law and her ethical duties, and the court in the state of Nevada finally did something about it, but it took a long time. And Mr. Wallace was prejudiced by that time unless this court had a clock, which it shouldn't. That's not fair. He deserves better. He deserves to finally get someone to look at his case and do something about it. Okay? Thank you.
judges: Hawkins, Thomas, Clifton